MOORE, J.,
dissents from the denial of application for rehearing and assigns reasons.
_JjThe transcript of the hearing on the applicant’s competency calls into question his continued confinement pursuant to State ex rel. Lockhart v. Armistead, 351 So.2d 496 (La.1977), based on the finding that he was not competent to proceed. One physician who examined him found deficits arising from the previous head trauma, but found him competent to proceed.
The physician who found that Ford lacked competency to proceed incongruously testified that he did have the competency to plead guilty. The doctor based his finding of incompetency strongly on the Bennett factors of inability to undergo cross examination, inability to assist counsel in keeping up with witness testimony, and inability to undergo the rigors of trial. State v. Bennett, 345 So.2d 1129, 1139 (La.1977).
Faced with a contrary finding by another doctor, the trial court should have found Ford competent to proceed. The factors cited, all relating to his ability to undergo trial, can be tested by undergoing trial. If Ford’s condition or abilities lead his attorney, the district attorney or the court to have reasonable ground to question his competency to proceed, a motion to that effect can be made at any time. La. C. Cr. P. arts. 642, 775 A(4).
I would grant the rehearing, vacate the trial court’s determination that Ford is incompetent to proceed, and remand to the trial court for further proceedings. I respectfully dissent from the denial of rehearing.